BROWN, APPELLANT, v. HILLEN, APPELLEE.

PRACTICE.
An irregularity which did not prejudice the appellant does not require a reversal of the judgment.

*Appeal from the County Court of Arapahoe County.*

Messrs. SULLIVAN & MAY, for appellant.

No appearance for appellee.

THOMSON, J., delivered the opinion of the court.

This was a suit originally commenced by the appellee, Hillen, against the appellant, Brown, before a justice of the peace, upon a promissory note for two hundred dollars, executed by appellant to one Schooley. After sundry assignments and transfers, it came into the hands of appellee. The justice rendered judgment against appellant, from which he appealed to the county court. At the trial in that court witnesses upon both sides testified as to the history of the note, from its execution until its final transfer to appellee. Appellant testified as to a set-off to which he claimed to be entitled as against Schooley. The note was not formally given in evidence until rebuttal, when it was offered and admitted over the objection of appellant. The court rendered judgment in appellee's favor for one hundred and forty-one dollars.

The appellant relies for a reversal of this judgment upon the ruling of the court permitting the introduction of the note in rebuttal. This was irregular, but we do not see wherein the appellant has been prejudiced by the ruling. He might have moved for a nonsuit at the close of appellee's case, and before he offered any evidence himself, on the ground that no case had been made against him. He did

not do this, but proceeded to examine witnesses, and intro-
duce testimony, precisely as if the note was legally before
the court. He does not complain that he was deprived of
any defense by reason of the irregular action of the court,
and the record shows that he was not. The want of the
note in evidence should have been taken advantage of at the
proper time, and, inasmuch as it was not, but the note on
the contrary treated as if it was in evidence, the irregularity
complained of, is not such as would, for the purposes of jus-
tice between the parties, demand a reversal of the judgment,
and it is therefore affirmed.

*Affirmed.*